UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 3:20-cr-811

            Plaintiff,

      v.                                                    MEMORANDUM OPINION
                                                                           AND ORDER

Jarrett Merrell,

            Defendant.

## I.    INTRODUCTION AND BACKGROUND

On August 6, 2021, Defendant Jarrett Merrell pled guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Merrell was required to register pursuant to the Sex Offender Registration and Notification Act, due to his conviction for abusive sexual conduct under Article 120 of the Uniform Code of Military Justice. (*See* Doc. No. 13). On December 21, 2021, I sentenced Merrell to probation for a term of five years. (Doc. No. 29).

Merrell now seeks an order terminating his term of probation prior to the completion of that term. (Doc. No. 31). The U.S. Pretrial Services and Probation Office has recommended I deny Merrell's request based upon the standards contained in the Guide to Judiciary Policy. For the reasons stated below, I deny Merrell's motion.

## II.    DISCUSSION

Early termination of a term of probation is governed by § 3564:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a

>misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

While Merrell has served over one year of his term of felony probation, *see* § 3564(a), I conclude early termination is not warranted.

Section 3353(a) states that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). The statute continues, directing that "[t]he court, in determining the particular sentence to be imposed, shall consider" certain enumerated factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense[ and] to promote respect for the law," and "any pertinent policy statement . . . issued by the Sentencing Commission . . . ." 18 U.S.C. § 3553(a)(1), (2)(A), and (5).

Other United States District Courts considering a defendant's motion for early termination of probation have considered applicable portions of the Guide to Judiciary Policy. *See, e.g., United States v. Shaw*, 611 F. Supp. 3d 1170, 1174-76 (D. Col. 2020); *United States v. Roybal*, No. CR 12-3182, 2021 WL 5769475, at *6 (D.N.M. Dec. 6, 2021). For individuals who, like Merrell, have been on supervision at least 18 months, "there is a presumption in favor of recommending early termination for persons who meet" certain listed criteria. *Id.* at *5 (quoting AO, Guide to Judiciary Policy, Vol. 8, Part E, § 360.20(c)). But first among those criteria is that the person seeking early termination "has not committed a sex offense." *Roybal*, 2021 WL 5769475, at *5 (citation and quotation marks omitted). Not only has Merrell previously been convicted of a sex offense, his current conviction stems from his failure to comply with his 15-year statutory reporting requirement for that offense.

2

I applaud Merrell's efforts to further his education, as he represents he has obtained his bachelor's degree and now is enrolled in a Master of Business Administration program, as well as his employment, community service, and treatment-related efforts. (*See* Doc. No. 31 at 1). Further, Merrell's probation officer reports Merrell has been in compliance with the terms of his probation since commencing probation. While I have considered these facts and factors, I conclude early termination of Merrell's probation term at this time would not be consistent with the § 3553(a) factors, particularly the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and to afford adequate deterrence to future criminal conduct, and would not be consistent with the pertinent policy statement. *See* 18 U.S.C. 3553(a)(2), (5).

### III. CONCLUSION

For the reasons set forth above, I deny Merrell's motion for early termination of his probation. (Doc. No. 31).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge